# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LIMITED, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 6:22-cv-00351-ADA |
| v. | § § | **DEMAND FOR JURY TRIAL** |
| APPLE INC., | § § § | |
| *Defendant*. | § | |

# DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF LIONRA TECHNOLOGIES LTD.'S COMPLAINT

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION AND FACTUAL BACKGROUND ....................................................... 1

II.  LEGAL STANDARD ..................................................................................................... 2

    A.   Failure to State a Claim on Which Relief Can Be Granted ..................................... 2

    B.   Injunctive Relief .................................................................................................... 4

III. ARGUMENT .................................................................................................................. 4

    A.   The Complaint Fails to Allege Facts Sufficient to Support Infringement Based on the Accused 5G Standard. ........................................... 4

    B.   Lionra's Standards-Based Allegations, Even If Accepted As True, Fail to Plausibly State a Claim. ........................................................... 7

    C.   The Complaint Fails to Allege Facts Sufficient to Support Injunctive Relief. ....................................................................................... 10

IV.  CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................................................ 2, 7

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................................................................ 2, 7

*Bot M8 LLC v. Sony Corp. of Am.,*
   4 F.4th 1342 (Fed. Cir. 2021) ........................................................................................... 3, 7, 8, 9

*eBay Inc. v. MercExchange, L.L.C.,*
   547 U.S. 388 (2006) ................................................................................................................ 4, 10

*Fujitsu Ltd. v. Netgear Inc.,*
   620 F.3d 1321 (Fed. Cir. 2010) .............................................................................................. 3, 5, 6

*M & C Innovations, LLC v. Igloo Prods. Corp.,*
   No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ....................................... 4, 10

*Optis Wireless Tech., LLC v. Huawei Techs. Co.,*
   No. 2:17-cv-123, 2018 WL 3375192 (E.D. Tex. July 11, 2018) ............................................ 3, 5

*Vervain, LLC v. Micron Tech., Inc.,*
   No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ................................. 8, 9

**Rules & Regulations**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple") files this Motion to Dismiss Plaintiff Lionra Technologies Ltd.'s ("Lionra") Complaint (the "Complaint").

## I.     INTRODUCTION AND FACTUAL BACKGROUND

On April 1, 2022, Lionra filed a Complaint generally alleging that Apple infringes United States Patent No. 7,260,141 (the "'141 Patent") based on the alleged compliance with certain 5G standards by certain iPhone and iPad models (the "Accused Products").  Dkt. 1, ¶ 4. But that Complaint fails to state any set of facts plausibly demonstrating that Apple infringes any claim of the '141 Patent. Further, Lionra seeks a permanent injunction without pleading the existence of *any* of the factors required to support an injunction. *Id.* at p. 11.[1]

Although Lionra does not allege that the '141 Patent is a Standard Essential Patent ("SEP"), the Complaint focuses on whether portions of the 3GPP TS 38.211 V16.8.0 standard (the "Accused 5G Standard") meet the claims of the '141 Patent, and does not map all of the claim limitations to the Accused Products themselves. *See* Dkt. 1 at ¶¶ 16, 18-20. Critically, the Complaint does so without alleging that the cited portions of the Accused 5G Standard are essential (despite the assignees' failure to disclose the patent as a SEP) or alleging that the Accused Products actually implement those portions of the standard. *See generally* Dkt. 1. Lionra thus has failed to allege any facts—much less plausible facts—demonstrating that the Accused Products infringe the '141 Patent based on the Accused 5G Standard.

And even if the Complaint had sufficiently pleaded standards-based allegations (which it has not), Lionra fails to plausibly allege that the Accused 5G Standard meets the claim limitations

---

[1] The Complaint also alleges that Apple "has induced others to infringe the '141 patent" (¶ 14), but pursuant to the Court's OGP, Lionra has agreed to a dismissal without prejudice of the inducement claim. *See* Dkt. 10.

1

of the '141 Patent. For multiple asserted limitations, Lionra asserts facts that, even if taken as true, do not plausibly show that the Accused Products meet the claim elements. To the contrary, in some instances those facts even *contradict* what is being alleged. Lionra therefore fails to plead facts sufficient to support its claims of infringement, and the Complaint should be dismissed.

Further, the Complaint's Prayer for Relief requests the Court to issue "[a] permanent injunction prohibiting Defendant from further acts of infringement of the '141 patent." *Id.* at p. 10. But Lionra alleges no facts supporting its injunction request, let alone any facts supporting a finding of irreparable harm, establishing that an injunction would allegedly serve the public interest, explaining why money damages would be inadequate to compensate Lionra for the alleged infringement, or any other fact needed to support injunctive relief. Thus, Lionra's conclusory claim for injunctive relief should also be dismissed.

## II.     LEGAL STANDARD

### A.     Failure to State a Claim on Which Relief Can Be Granted

In order to state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that plaintiffs provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To meet this standard, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 570, 555. In particular, a plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, where "the factual allegations are

2

actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021). And the Federal Circuit has cautioned that "while a patentee's pleading obligations are not insurmountable, a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *Id.* at 1346.

In the context of infringement allegations based on alleged compliance with a standard, a patent owner may "indirectly prove infringement by showing that (1) the standard necessarily meets the elements of the claim, (2) the accused product complies with the standard, and therefore (3) the accused product meets the claim." *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-cv-123, 2018 WL 3375192, at *1 (E.D. Tex. July 11, 2018). While such indirect proof "may not require significant analysis of the accused product," it necessarily relies on "tying the product to the standard and the standard to the claim." *Id.* As a result, "if the patent is not found to be essential to the standard, the link between the product and the patent breaks." *Id.*

In addition, the Federal Circuit has acknowledged that "in many instances, an industry standard does not provide the level of specificity required to establish that practicing that standard would always result in infringement," and that sometimes "the relevant section of the standard is optional, and standards compliance alone would not establish that the accused infringer chooses to implement the optional section." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327–28 (Fed. Cir. 2010). In such instances, a patent owner cannot establish infringement by simply arguing that a product complies with the standard. *See id.* Instead, "the patent owner must compare the claims to the accused products or, if appropriate, prove that the accused products implement any relevant optional sections of the standard." *Id.*

### B. Injunctive Relief

To state a claim for injunctive relief, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). A claim for injunctive relief can thus be dismissed when "no facts are alleged in the Complaint that support an award of . . . a permanent injunction." *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *6 (S.D. Tex. July 31, 2018). A complaint pleading injunctive relief must be stricken where, as here, the complaint does not contain any factual allegations that "raise[ ] any indication that . . . a permanent injunction might eventually be appropriate." *Id.*

## III. ARGUMENT

### A. The Complaint Fails to Allege Facts Sufficient to Support Infringement Based on the Accused 5G Standard.

The Complaint maps all but one claim element exclusively to the Accused 5G Standard, rather than to the Accused Products themselves.[2] *See* Dkt. 1 at ¶¶ 16, 18-20. For example, to plead that the Accused Products contain "a baseband modulator configured to modulate outbound digital baseband signals to be transmitted via the phased arrange antenna," Lionra cites only to the following portions of the standard:

---

[2] While Lionra does not include a claim chart in its Complaint, or specifically state which claim it is analyzing, the Complaint language tracks Claim 1 of the '141 Patent, and Claim 1 is the only claim specifically called out for infringement. *See* Dkt. 1 at ¶ 14. Accordingly, Apple treats the Complaint as attempting to allege infringement of Claim 1 for purposes of this analysis.

4

### 5.4     Modulation and upconversion

Modulation and upconversion to the carrier frequency $f_0$ of the complex-valued OFDM baseband signal for antenna port $p$, subcarrier spacing configuration $\mu$, and OFDM symbol $l$ in a subframe assumed to start at $t = 0$ is given by

- for PRACH

$$\mathrm{Re}\left\{s_l^{(p,\mu)}(t) e^{j2\pi f_0 t}\right\}$$

- for RIM-RS

$$\mathrm{Re}\left\{s_l^{(p,\mu)}(t) e^{j2\pi f_0^{RIM}(t - t_{start,l}^\mu - N_{CP,l}^\mu T_c)}\right\}$$

where $f_0^{RIM}$ is the configured reference point for RIM-RS;

- for all other channels and signals

$$\mathrm{Re}\left\{s_l^{(p,\mu)}(t) \cdot e^{j2\pi f_0 (t - t_{start,l}^\mu - N_{CP,l}^\mu T_c)}\right\}$$

(3GPP TS 38.211 V16.8.0, § 5.4.)

### 7.3.1.5     Mapping to virtual resource blocks

The UE shall, for each of the antenna ports used for transmission of the physical channel, assume the block of complex-valued symbols $y^{(p)}(0), \ldots, y^{(p)}(M_{symb}^{ap} - 1)$ conform to the downlink power allocation specified in [6, TS 38.214] and are mapped in sequence starting with $y^{(p)}(0)$ to resource elements $(k', l)_{p,\mu}$ in the virtual resource blocks assigned for transmission which meet all of the following criteria:

- they are in the virtual resource blocks assigned for transmission;
- the corresponding physical resource blocks are declared as available for PDSCH according to clause 5.1.4 of [6, TS 38.214];

(3GPP TS 38.211 V16.8.0, § 7.3.1.5.)

Dkt. 1 at ¶18. But, because the Complaint does not allege that the '141 Patent is essential to the Accused 5G Standard, this alleged correlation between the Accused 5G Standard and the '141 Patent alone is insufficient to establish infringement. That is, "the link between the product and the patent breaks." *Optis*, 2018 WL 3375192, at *1.

Because the '141 Patent is not—nor is it alleged to be—a SEP, Lionra must plead facts demonstrating that it is plausible that compliance with the cited portions of the Accused 5G Standard is required in order for the Accused Products to have 5G functionality, or that the Accused Products actually implement those portions of the Accused 5G Standard.[3] *Fujitsu*, 620

---

[3] In the alternative, Lionra could attempt to compare the claim limitations to the Accused Products themselves, rather than to the Accused 5G Standard. *Fujitsu*, 620 F.3d at 1327–28 (stating that, in the absence of a SEP or mandatory implementation of a standard, "the patent owner must compare the claims to the accused products"). But Lionra has not even attempted to map the Accused Products to any claim limitation other than "electronically steerable phased array antennas." Dkt. 1 at ¶ 17.

F.3d at 1327–28. But Lionra's Complaint does neither. Nowhere does Lionra state that the cited portions of the Accused 5G Standard are essential to 5G functionality, nor does Lionra show that the cited portions of the Accused 5G Standards are implemented in every Accused Product. *See generally* Dkt. 1. Instead, Lionra jumps directly into comparing the '141 Patent's claim limitations to the standard, with no support for doing so exclusively. *Id.* Indeed, each and every reference to the Accused 5G Standard is a bare citation to a portion of the standard itself, with no explanation of its essentiality, relevance, or required implementation in any product—much less the Accused Products. *See id.* at ¶¶ 16, 18-20. Lionra thus has not plausibly pleaded that practicing that standard would always result in infringement, and has consequently failed to plausibly plead infringement. *Fujitsu*, 620 F.3d at 1327–28.

Similarly, Lionra has not even attempted to demonstrate that the Accused Products implement the cited portions of the Accused 5G Standard. *Id.* Rather, the Complaint's only mentions of the features of the Accused Products themselves (rather than the Accused 5G Standard) are (1) a conclusory statement that the products "support 5G cellular ultra-wideband communications" and (2) a single teardown picture purporting to show "electronically steerable phased array antennas" in the iPhone 12 Pro. *See* Dkt. 1 at ¶¶ 4, 17. Neither of these mentions constitutes a plausible pleading that the Accused Products implement the cited portions of the Accused 5G Standard, and therefore cannot constitute a plausible pleading of infringement. *Fujitsu*, 620 F.3d at 1327–28.

Lionra has thus failed to plausibly plead infringement based on the Accused 5G Standard. Because the Complaint consists almost entirely of unsupported standards-based allegations, it must be dismissed.

### B. Lionra's Standards-Based Allegations, Even If Accepted As True, Fail to Plausibly State a Claim.

Even if this Court were to consider Lionra's mapping of Claim 1 of the '141 Patent to the Accused 5G Standard—which it should not—Lionra's allegations still fall short of the *Twombly/Iqbal* pleading standard. Indeed, as in *Bot M8*, Lionra's alleged facts are repeatedly *inconsistent with* a finding of infringement, and are therefore "insufficient to state a plausible claim." 4 F.4th at 1354.

In the first instance, Claim 1 of the '141 Patent requires the presence of both "a baseband modulator configured to modulate outbound digital baseband signals" and "a baseband demodulator configured to demodulate incoming digital baseband signals." *See* Dkt. 1 at Ex. 1, Claim 1. The '141 Patent admits that modulation and demodulation are not only different/distinct but direct opposites of each other, because they operate on signals traveling in opposite directions (modulation of outbound/transmit signals and demodulation of incoming/received signals). *See id.* at Claim 1 (claiming both a "modulator" that modulates "outbound" signals and a "demodulator" that demodulates "incoming" signals), Abstract ("Both for transmit signal modulation and received signal demodulation…"). Yet, Lionra's Complaint cites the same portion of the Accused 5G Standard—3GPP TS 38.211 V16.8.0, § 5.4 ("Modulation and upconversion")—as demonstrating the existence of *both* a modulator and a demodulator. *See* Dkt. 1 at ¶¶ 18-19. Not only is this inherently contradictory, but the standard section Lionra cites deals, on its face, exclusively with modulation rather than demodulation:

### 5.4  Modulation and upconversion

Modulation and upconversion to the carrier frequency $f_0$ of the complex-valued OFDM baseband signal for antenna port $p$, subcarrier spacing configuration $\mu$, and OFDM symbol $l$ in a subframe assumed to start at $t = 0$ is given by

- for PRACH

$$\mathrm{Re}\left\{s_l^{(p,\mu)}(t)e^{j2\pi f_0 t}\right\}$$

- for RIM-RS

$$\mathrm{Re}\left\{s_l^{(p,\mu)}(t)e^{j2\pi f_0^{\mathrm{RIM}}\left(t-t_{\mathrm{start},l_0}^{\mu}-N_{\mathrm{CP}}^{\mathrm{RIM}}T_c\right)}\right\}$$

where $f_0^{\mathrm{RIM}}$ is the configured reference point for RIM-RS;

- for all other channels and signals

$$\mathrm{Re}\left\{s_l^{(p,\mu)}(t)\cdot e^{j2\pi f_0\left(t-t_{\mathrm{start},l}^{\mu}-N_{\mathrm{CP},l}^{\mu}T_c\right)}\right\}$$

(3GPP TS 38.211 V16.8.0, § 5.4.)

*Id.* Accordingly, Lionra has alleged that the claim limitation requiring a "<u>de</u>modulator configured to <u>de</u>modulate incoming signals" is met by a standard which requires modulation of transmitted signals. Lionra's pleading is therefore "inconsistent with the requirements of [the] claims," and the Complaint therefore must be dismissed. *Bot M8*, 4 F.4th at 1346.

In addition to these fatal inconsistencies, Lionra has also failed to plausibly allege that the Accused Products, or even a generic product implementing the Accused 5G Standard, meet the claims of the '141 Patent. For example, Claim 1 requires "a shared baseband processor." Dkt. 1 at Ex. 1, Claim 1. The Complaint does not identify any processor in the Accused Products, and instead points to baseband processing functions specified in the Accused 5G Standard. Dkt. 1 at ¶ 20. But even if such functions are implemented by processors, Lionra has pled no fact that plausibly indicates the presence of a ***shared*** baseband processor for doing so. *Id.*

Such repeated failure to identify the necessary claim elements renders the Complaint insufficient. As this Court noted in *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022), the more complex the technology at issue, the more detailed the allegations of the complaint may need to be to avoid dismissal. There, the Court found that the allegations in the Complaint required making numerous assumptions and that, in the context of relatively complex software and firmware technology, such

assumptions were insufficient to state a claim. *Id.* at *3-*4 (finding assumption that "data in the MLC blocks will presumably be rewritten to blocks of SLCs" was not a "reasonable inference" when no facts were pled to support that assumption, and therefore dismissing Complaint).

Here too, finding that Lionra's Complaint plausibly alleges infringement requires the reader to assume that modulation is equivalent to demodulation and that reference to baseband processing functions in a standard necessarily requires a shared baseband processor. While none of these assumptions are factually accurate, they are also legally insufficient as a matter of law, particularly in light of the complexity of the 5G and signal modulation technology at issue in this case. *Id.* at *4 (noting that the level of detail required to satisfy pleading requirements depends in part on "'the complexity of the technology'" and finding that the "level of detail provided in Vervain's allegations did not meet the standard here, where the technology is not simple") (citing *Bot M8*, 4 F.4th at 1353).

Just as the assumptions made by the complaint in *Vervain* were not a "reasonable inference" that tied the claims to the accused products through plausibly pled facts (*id.* at *3-*4), Lionra's Complaint contains inappropriate leaps of logic, unsupported by any factual record. Rather than pleading facts that support its theories (whether as to essentiality or implementation of the Accused 5G Standard or as to the presence of the claim elements in that standard), Lionra's Complaint instead requires numerous unpled assumptions, as did the complaint in *Vervain*. Indeed, the situation here is even more egregious, as Lionra does not even make *conclusory* allegations that clarify its positions, leaving Apple to wonder what theory forms the basis of Lionra's infringement allegations and providing Apple with insufficient notice of the claims against it. The Complaint is therefore deficient as a matter of law and should be dismissed.

9

### C. The Complaint Fails to Allege Facts Sufficient to Support Injunctive Relief

Lionra's Prayer for Relief contains a request for "[a] permanent injunction prohibiting Defendant from further acts of infringement of the '141 patent." Dkt. 1 at p. 10. Yet the Complaint alleges no facts sufficient to meet any one of the four *eBay* factors: "(1) that [Lionra] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc.*, 547 U.S. at 391. For example, Lionra has not alleged that it makes, licenses, or otherwise commercializes the '141 patent in any way. The Complaint is silent as to any irreparable injury. Nor has Lionra explained why monetary damages are an inadequate remedy. Moreover, amendment of the Complaint would be futile because Lionra is a non-practicing entity seeking monetary damages and is not a competitor of Apple—accordingly it cannot show irreparable harm. Therefore, this claim for relief should be dismissed as it is unsupported by any pleaded facts. *M & C*, 2018 WL 4620713, at *6 (granting motion to dismiss claim for injunctive relief where "no facts are alleged in the Complaint that support an award of . . . a permanent injunction"); *see also eBay Inc.*, 547 U.S. at 396-97 (concurrence) ("An industry has developed in which firms use patents . . . primarily for obtaining licensing fees" and use the threat of an injunction as "a bargaining tool to charge exorbitant fees for licenses." In such instances "legal damages may well be sufficient to compensate for the infringement and an injunction may not serve the public interest.").

### IV. CONCLUSION

For the foregoing reasons, Apple's motion to dismiss Lionra's Complaint should be granted.

Dated: June 13, 2022

Steven D. Moore (admitted in W.D. Tex.)
**Kilpatrick Townsend & Stockton LLP**
Two Embarcadero Center Suite 1900
San Francisco, CA USA 94111
Tel: (415) 576-0200
Fax: (415) 576-0300
Email: smoore@kilpatricktownsend.com

Mansi H. Shah (*pro hac vice* filed)
Gail D. Jefferson (*pro hac vice* filed)
**Kilpatrick Townsend & Stockton LLP**
1302 El Camino Real, Suite 175
Menlo Park, CA 94025
Tel: (650)752-2445
Fax: (650) 618-8641
Email: mansi.shah@kilpatricktownsend.com
Email: gjefferson@kilpatricktownsend.com

Alton L. Absher III (admitted in W.D. Tex.)
**Kilpatrick Townsend & Stockton LLP**
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Tel: (336) 607-7300
Fax: (336) 607-7500
Email: aabsher@kilpatricktownsend.com

Amanda N. Brouillette (*pro hac vice* filed)
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Tel: (404) 685-6775
Fax: (404) 541-3335
Email: abrouillette@kilpatricktownsend.com

Patrick M. Njeim (*pro hac vice* filed)
**Kilpatrick Townsend & Stockton LLP**
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Tel: (206) 467-9600
Fax: (206) 299-3458
Email: pnjeim@kilpatricktownsend.com

Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
**Kelly Hart & Hallman LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

*Attorneys for Apple Inc.*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF filing system on June 13, 2022.

>
> */s/ J. Stephen Ravel*
> J. Stephen Ravel