**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No. 6:22-cv-351-ADA<br><br>**JURY TRIAL DEMANDED** |

**ORDER DENYING AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Apple Inc.'s ("Apple") Motion to Dismiss Plaintiff Lionra Technologies Ltd.'s Complaint. ECF No. 16. Plaintiff Lionra Technologies Limited. ("Lionra") filed a First Amended Complaint. ECF No. 23. Apple filed a Motion to Dismiss Lionra's First Amended Complaint. ECF No. 24. Lionra filed a Response. ECF No. 25. Apple then filed its Reply. ECF No. 26. Given the filing of the Lionra's First Amended Complaint, the Court **MOOTS** Apple's Motion to Dismiss Plaintiff Lionra Technologies Ltd.'s Complaint (ECF No. 16). After careful consideration of the parties' briefs and the applicable law, the Court **DENIES-IN-PART** and **GRANTS-IN-PART** Apple's Motion to Dismiss Lionra's First Amended Complaint (ECF No. 24).

## I. FACTUAL BACKGROUND

Plaintiff Lionra filed this lawsuit accusing Defendant Apple of infringing on U.S. Patent No. 7,260,141 ("the '141 patent"). ECF No. 23 at 1. According to Lionra, Apple sells mobile

devices that support 4G/LTE and 5G cellular communications that infringe on the Lionra patents. *Id.* at 1. Specifically, Lionra accuses the Apple's iPhone 12 Mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 Mini, iPhone 13 Pro, iPhone 13 Pro Max, iPhone SE, iPad Air, iPad mini, and iPad Pro devices of infringing the Asserted Patent ("Accused Products"). *Id.* ¶ 14.

## II. LEGAL STANDARD

A 12(b)(6) motion asserts a "purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 547 (2007). This standard does not require "detailed factual allegations;" however, this standard does not permit accusations that are completely devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The plausibility standard requires the plaintiff to plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 500 U.S. at 545. Therefore, a patentee must only "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1356; *see also* 13B Fed. Proc. Forms § 52.351 (updated June 2022) (modeling a sample complaint for patent infringement that only contains: (1) an allegation of jurisdiction; (2) the plaintiff's statement of patent ownership; (3) the assertion that the defendant has infringed on the patent "by making, selling, and using" the patented product; (4) the plaintiff's statement that he notified defendant of such infringement; and (5) a demand for relief).

## III. ANALYSIS

Apple moves to dismiss Lionra's direct infringement claim and request for relief of a permanent injunction claims in its Complaint. The Court considers those arguments below.

### A. Direct Infringement

Apple first moves to dismiss Lionra's direct infringement claims. Direct infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a). The Federal Circuit's latest guidance on pleading standards for direct infringement comes from *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342 (Fed. Cir. 2021). The *Bot M8* Court affirmed-in-part and reversed-in-part an order dismissing direct infringement claims on four patents for failure to sufficiently plead. *See id.* at 1358. Critically, the opinion denounced a "blanket element-by-element pleading standard for patent infringement," favoring instead a flexible inquiry into "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 1352. The level of detail required to meet that standard depends on multiple factors, not limited to "the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353. Under any standard, however, the complaint must support its entitlement to relief with "factual content," not just conclusory allegations that the accused product(s) meet every claim limitation. *Id.*

#### ***1. Lionra properly utilizes 5G standards to state a claim for infringement.***

Apple argues that Lionra only cites to the 5G standard and a third-party chip rather than Accused Products themselves which is not a sufficient allegation. ECF No. 24 at 5. Apple argues

that a general citation to a "portions" Qualcomm integrated circuit is not sufficient to state a plausible claim that the chip constitutes a "baseband" modulator as required by the claims. ECF No. 24 at 5-6. Apple's citations to *Iron Oak Techs., LLC v. Acer Am. Corp.*, C.A. No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677, *6 (W.D. Tex. Nov. 28, 2017), are inapposite. *Iron Oak* deals with induced infringement claims, which has substantially different requirements, and at *5 deals with evidence of a limited warranty agreement, which is not a technical document describing the operation of a product like the 5G standards documents in the instant case. Lionra argues that first, there are a variety of sources and facts it utilizes including teardown reports, online resources, statements made by Apple, facts known in the industry, and 3GPP technical specification standards to support its claim. ECF No. 25 at 3-4. Lionra then argues that it mapped the limitations to the Accused Products by citing to teardowns of the iPhone 12 Pro. ECF No. 25 at 4.

In addition, Apple argues that there is not a sufficient correlation between the 5G standard and the patent and indicates that there is a requirement Lionra plead Apple's products are compliant with the standard or that the Accused Products actually implement portions of the standard. ECF No. 24 at 6-7. Here, Apple cites to *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327–28 (Fed. Cir. 2010) to support that links between the standard and patent or product are required at the pleading stage. This is an incorrect reading of *Fujitsu* which was dealing with direct infringement at the Summary Judgment stage, and that level of proof is not required at the Motion to Dismiss stage. 620 F.3d at 1325. The proof required on a motion to dismiss is "sufficient to show that the plaintiff has a plausible claim for relief", which does not require Plaintiff to prove exactly what standard/portion of a standard that an Accused Product practices (which would be an impossibly high standard given the lack of fact discovery). *Bot M8 LLC* 4 F.4th at 1352. It is

enough to allege that the Accused Product utilizes the standard and cite to the actual standard itself for alleged operation. If an optional portion of the standard is used/not used, that will become clear in discovery and is a fact issue, but is not appropriate for the Court to determine before that stage. Contrary to what Apple argued in its reply, a heightened standard is not required as in *Vervain, LLC v. Micron Tech., Inc.*, because the instant technology is not related to software/firmware for solid state memory, rather the physical architecture and operation of antennas, modulators, and processors. No. 6:21-CV-00487-ADA, 2022 WL 23469, at *4-*5 (W.D. Tex. Jan. 3, 2022).

To be clear, Lionra is not alleging that it is asserting a Standards Essential Patent. ECF No. 6-7. In any event, Lionra has specifically plausibly alleged that Accused products utilize the 5G standards at issue. For instance, paragraph 16 of the Amended complaint alleges that "Apple specifically advertises that the U.S. models of the iPhone 12 Pro can communicate with cellular networks utilizing the 3GPP 5G NR ('New Radio') protocols, utilizing frequency bands both in Frequency Range 1 and Frequency Range 2" and cites to two sources including Apple's own support page. ECF No. 23 ¶ 16. Paragraphs 17 further bolsters this allegation indicating products advertised with that capability have to generate and/or receive radio signals according to multiple specific standards documents, and that Apple's products work as advertised. *Id.* ¶ 17. Taken together, Apple indicating what functionality its product has in its own specifications, combined with describing the standards required to implement that functionality, and the physical teardowns of the devices themselves plausibly allege the operation of the device.

***2. Lionra alleges facts sufficient to support infringement of various limitations.***

Apple argues that Lionra's alleged facts are inconsistent with a finding of infringement and not sufficient to state a plausible claim. ECF No. 24 at 8. Apple argues that Lionra points to the a

part of the 5G standard that only refers to modulation and up conversion as both a "baseband modulator" and "baseband demodulator", which it states is inherently contradictory because they are two different operations. ECF No. 24 at 9. It further states that the standard alone is insufficient to show a *baseband* demodulation or the physical demodulator itself. ECF No. 24 at 10. ECF No. 25 at 8; ECF No. 23 ¶ 20. Lionra responds that it states that "5G NR signals must be modulated and demodulated" which requires the Accused Products to modulate 5G NR signals transmitted. ECF No. 25 at 7; ECF No. 23 ¶ 18. Lionra further argues that it points to the Qualcomm SDX55M '5G Modem-RF System' integrated circuit, and that the term "Modem" is well known to refer to a "modulator-demodulator." ECF No. 25 at 7-8; ECF No. 23 ¶ 20. As further support, Lionra alleges that "[b]ecause the signals received by the phased antenna arrays of the Accused Products have been generated by modulating a baseband signal, according to the 3GPP 5G NR specifications, the baseband demodulator must demodulate those signals as part of the process of extracting the information that they contain." ECF No. 25 at 8; ECF No. 23 ¶ 21. In reply, Apple argues Lionra has not alleged that relevant signals are baseband signals or that those signals are transmitted and received via the claimed phased array antenna. ECF No. 26 at 4-5.

The Court finds that pointing to the Qualcomm "Modem" in the Accused Products that is a modulator/demodulator, and the 5G specification requires baseband modulation, specifically that "OFDM *baseband* signal[s]" must be "modulat[ed]" in order to be transmitted in a 5G network is a sufficient factual allegation to support that the accused product may contain a baseband modulator/demodulator. ECF No. 23 ¶ 18-21. Taking Lionra's allegations as true, the Court holds that Lionra alleges facts sufficient to support an allegation of direct infringement of the shared baseband modulator/demodulator limitations.

Apple argues that the "phased array antenna" referenced in the baseband demodulation limitation must be comprised of "a plurality of antenna elements" and that Lionra only alleges the existence of an antenna and the fact that demodulation occurs. ECF No. 24 at 10-11. Apple further alleges that citations to an Apple patent publication is insufficient to prove that an iPhone has antenna arrays when it states it depicts an iPhone-like device, or that it meets the functions of a phased array antenna. ECF No. 24 at 11. Lionra argues that it specifically alleged that the "iPhone 12 Pro contains electronically steerable phased array antennas…." and even included images of the antennas as well as specification information detailing their operation. ECF No. 25 at 9-10; ECF No. 23 ¶ 19. Lionra further states that the court must draw inferences in favor its characterization of Apple's Patent Application Publication. ECF No. 25 at 10. Apple responds that although the court must draw inferences in favor of Plaintiff, it does not have to accept as true conclusory allegations or unwarranted deductions of fact, and that the Court concluding that the patent application embodiment is of the accused product is too far when Lionra doesn't specifically allege that. ECF No. 26 at 5.

Apple is correct that the Court cannot simply jump to the conclusion that the embodiment in an Apple patent is practiced by Accused Products without more and therefore does not consider this evidence in determining the sufficiency of the allegations. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, Lionra does provide sufficient facts supporting an allegation of direct infringement the phased array antenna limitation, specially pointing to a teardown report, 5G standard and specifications for the iPhone 12 Pro, indicating that the Accused Product includes phased array antennas, and that demodulation would occur when signals were received. ECF No. 23 ¶ 19. The Court holds that Lionra alleges facts sufficient to support an allegation of direct infringement for the phased array antenna limitation.

For the "shared broadband processor" limitation, Apple alleges that there is no processor identified in the Accused Products. ECF No. 24 at 11. Specifically, that the existence of the Qualcomm chip/portions of it do not indicate that it performs the limitations. ECF No. 24 at 11-12. It also states that pointing to the baseband processing specifications in the 5G standard are insufficient because there is no evidence that it's a shared inbound/outbound processor. ECF No. 24 at 12. Further, Apple argues that Lionra relies on the 5G standard to prove that the *processor will jointly* account for beamforming phase rotation and carrier phase rotation of individual antenna elements. ECF No. 24 at 12. In addition, Apple alleges that the standard focuses on *ports* not antenna *elements* and that the two are fundamentally different. *Id.* Lionra responds that it alleges the shared baseband processor is part of the Qualcomm Chip, which is an "integrated circuit" and "baseband chipset." ECF No. 25 at 11; ECF No. 23 ¶ 22. It further argues that the 5G/3GPP standard explains how beamforming phase rotations for antenna elements operate and that Apple improperly injects attorney argument into ports versus elements. ECF No. 25 at 11; ECF No. 23 ¶ 23-25. Apple argues that this argument from Lionra amounts to sufficiency because Lionra "said so", and that referring to a "chipset" without more is insufficient. ECF No. 26 at 6. Contrary to Apple's assertions that the arguments are based on Lionra's say so, Lionra specifically alleges the shared baseband processor limitation through the identification of a chipset combined with the 5G standard which indicates operation. ECF No. 23 ¶ 22-25. Further, Lionra is correct that Apple is improperly injecting attorney argument by trying to draw a distinction between antenna elements and ports without describing (1) why they are "fundamentally different product features", and (2) attempting to have the court construe "antenna element" before the Markman. Apple's argument that a chipset is not a processor also requires impermissible claim construction and again it does not describe why there is a distinction. Taking Lionra's allegations as true, the Court holds that

Lionra alleges facts sufficient to support an allegation of direct infringement of the shared baseband processor limitation.

Finally, Apple argues that pointing to the Qualcomm Chip to support the existence of the baseband modulator, demodulator, and shared processor is inappropriate, because it is too vague to plausibly allege infringement without specifying what part of the circuits does what. ECF No. 24 at 13. Lionra responds that it is not solely relying on the Qualcomm Chip, it also relies upon teardown reports, online resources, statements made by Apple, facts known in the industry, and standards to support allegations of how the Qualcomm Chip operates. ECF No. 25 at 12. The Court agrees with Lionra. Lionra has alleged facts sufficient to plead direct infringement operation of the Accused Product through the processor in combination with the plethora of other types of evidence regarding the disputed limitations as discussed above.

In sum, Lionra has satisfied the *Twobly*/*Iqbal* standard for pleading direct infringement. At the pleading stage, Lionra is not required to prove its case. Rather, it must make sufficient factual assertions to state a claim for relief that is plausible on its face. It has done so here.

**B. Injunctive Relief**

Apple also moves to dismiss Lionra's claim for injunctive relief. To state a claim for injunctive relief, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). A claim for injunctive relief can thus be dismissed when "no facts are alleged in the Complaint that support an award of . . . a permanent injunction." *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL

4620713, at *6 (S.D. Tex. July 31, 2018). A complaint pleading injunctive relief must be stricken where, as here, the complaint does not contain any factual allegations that "raise[ ] any indication that . . . a permanent injunction might eventually be appropriate." *Id.*

Apple argues that Lionra's Prayer for Relief contains a request for "any and all injunctive and/or equitable relief to which Lionra may be entitled." ECF No. 24 at 15; ECF No. 23 ¶ A. Apple argues that Lionra has plead no facts to support any of the 4 *eBay* factors, including any irreparable injury or why monetary damages are inadequate. ECF No. 24 at 15. Apple further alleges that further amendment would be futile because Lionra is a non-practicing entity not engaged in competition with Apple. *Id.* Lionra responds that the Prayer is also a request for equitable relief such as an ongoing royalty, and therefore should not be dismissed. ECF No. 25 at 13. Lionra argues that it is not requesting a permanent injunction, and that it dropped the permanent word present in the initial complaint's Prayer. *Id.*

Since Lionra indicates that it is not seeking a permanent injunction at this time, but does not indicate that it is waiving any other forms of injunctive or equitable relief that may be appropriate. Apple does not seem to disagree that Lionra may be entitled to other forms of equitable or injunctive relief, but is exclusively worried about a potential permanent injunction. To the extent that a claim for a permanent injunction is included in the Prayer for Relief, that claim alone (not any other form of injunctive or equitable relief) is **DISMISSED WITHOUT PREJUDICE**, however, Lionra may seek leave to amend its amend its Complaint and re-plead permanent injunctive relief claims if it can elicit sufficient facts during fact discovery to support such allegations.

## IV. CONCLUSION

For those reasons, the Court rules as follows:

- The Court **MOOTS** Defendant's Apple Inc.'s ("Apple") Motion to Dismiss Plaintiff Lionra Technologies Ltd.'s Complaint (ECF No. 16).
- The Court **DENIES** Defendant's Motion to Dismiss Lionra's direct infringement claims.
- The Court **DISMISSES WITHOUT PREJUDICE** a claim for permanent injunctive relief to the extent such a claim is included in the Prayer for Relief, however, Lionra may seek leave to amend its amend its Complaint and re-plead permanent injunctive relief claims if it can elicit sufficient facts during fact discovery to support such allegations.

**SIGNED** this 10th day of May, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE